ELIZABETH COLEMAN *vs.* WILLIAM H. MCKEE.

PROVIDENCE—JANUARY 26, 1903.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Mortgages. Sales. Trusts.*

The fact that a mortgagor did not see fit to prevent a sale under the mortgage in no way prejudiced her rights against one whom she seeks to hold as a trustee for her in the purchase of the estate at the sale.

(2) *Mortgages. Purchasing Property by Mortgagor.*

A mortgagor may bid for and purchase the mortgaged property at a foreclosure sale.

(3) *Trusts. Equity.*

A bill which alleges that respondent was enabled to secure land at a foreclosure sale by virtue of an understanding amounting to a promise on his part to purchase it for the complainant, the mortgagor, and that the latter parted with her interest in the land upon the faith of such promise, is sufficient to charge the respondent as trustee for the complainant and to entitle complainant, in the absence of any denial of such allegations, to relief.

BILL IN EQUITY seeking relief set forth in bill. Heard on demurrer to bill, and demurrer overruled.

TILLINGHAST, J. The first ground of demurrer to this bill is untenable. It is quite immaterial whether the complainant could have redeemed the mortgaged premises, at or before the time of the sale thereof under the mortgage, by paying the note secured thereby and the expenses incurred in connection with the foreclosure proceedings. It was wholly optional with her as to whether she would thus prevent a sale under the mortgage; and the mere fact that she did not see fit to do so in no way prejudiced her rights as against the respondent, whom she seeks to charge as trustee for her in the purchase of the estate in question at the mortgagee's sale thereof.

It is true the complainant might have prevented the sale under the mortgage in the manner suggested by the demurrer; but instead of doing so she saw fit to rely upon the respondent to purchase said estate for her at the foreclosure sale, which she had the undoubted right to do. And we fail to see that it lies in his mouth to question her conduct in this regard.

As to the second ground of demurrer, we are of the opinion that it is also untenable. The law is well settled that a mortgagor may bid for and purchase the mortgaged property at the mortgagee's sale thereof, the same as any other person. Jones on Mortgages, 4th ed. vol. 2, § 1887; Pingree on Mortgages, vol. 2, § 1391. Indeed, under our statute (Gen. Laws R. I. cap. 207, § 16), a *mortgagee*, by giving notice of his intention so to do, may bid for and purchase the mortgaged

property in the same manner as any other person may do. And this, even though the mortgagee is in law a trustee for the mortgagor. And having thus purchased, he may, by deed, convey the purchased property directly to himself. *Woonsocket Institution for Savings* v. *Worsted Co.*, 13 R. I. 255. In case the mortgagee does avail himself of his right to purchase, however, he will of course be held to the strictest good faith and the utmost diligence in the exercise of this right for the protection of the rights of the mortgagor. And his failure in either particular will give occasion to allow the mortgagor to redeem. *Montague* v. *Dawes*, 14 Allen, 369; Jones on Mortgages, *supra*, § 1883.

(3) The third ground of demurrer is also untenable. It is not necessary for the complainant to allege in terms in her bill that the respondent was her agent in the purchase of said estate. All that is required in order to state a case against him is that it be clearly made to appear that he was authorized to act and did act for and in behalf of the complainant in making the purchase in question. And we think this sufficiently appears by the fifth clause of the bill, which sets out in substance that the complainant attended the auction sale and was anxious to purchase the mortgaged estate, or have the same purchased for her—which was the same thing—and that an arrangement or understanding was entered into between the complainant and one Mary Ann McKee, the mother of the respondent, whereby she was either to bid off said property for the complainant, or get her son, the respondent, to bid it off in his name for and in behalf of the complainant, and to advance whatever sum was necessary to secure the same at the auction sale.

It is further alleged that in pursuance of this understanding said Mary Ann McKee informed sundry persons there present that the respondent was bidding on said estate for this complainant, and that some of the persons so informed ceased to bid against the interest of the complainant on account thereof, and that the estate was finally struck off to the respondent for the sum of $1,775, the same being less than the amount due on said mortgage.

The bill further alleges, in the sixth paragraph thereof, that the amount paid by the respondent for said estate was less than the actual value thereof, and that a larger sum would have been obtained for the same had it not been for the representations made by said Mary Ann McKee that the respondent was purchasing said estate for the complainant. The complainant also alleges that the respondent well knew the doings and representations of said Mary Ann McKee in the premises, and that he is now contriving to keep the complainant out of said property and deprive her thereof, and is also endeavoring to take advantage of her on account of the low figure for which the estate was sold.

In view of these allegations, we think it appears that the respondent has been enabled to get the land in question by virtue of the understanding aforesaid, which amounted to a promise on his part to purchase it for the complainant, and that the latter has parted with an interest in the land upon the faith of such promise. And this being so, the respondent was trustee for the complainant in the transaction, and the complainant is therefore entitled, in the absence of any denial of said allegations, to the relief prayed for.

As the case falls within the principles adopted by this court in *Jenckes* v. *Cook*, 9 R. I. 520, *Aborn* v. *Padelford*, 17 R. I. 143, and *Place* v. *Briggs*, 20 R. I. 540, there is no occasion for any further consideration thereof.

The demurrer is overruled.

*C. J. Farnsworth and J. F. Murphy*, for complainant.
*Thomas Riley, Jr., and Hugh J. Carroll*, for respondent.